# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**DANNY FERGUSON,** }
                             }
    **Plaintiff,**                  }
                             }
**v.**                                }      Case No.: 5:17-cv-458-MHH
                             }
**QUICKEN LOANS,**        }
                             }
    **Defendant.**           }

## **MEMORANDUM OPINION AND ORDER**

In this action, *pro se* plaintiff Danny Ferguson contends that an employee of defendant Quicken Loans coerced him to sign a promissory note. Mr. Ferguson asserts state law claims against Quicken Loans for breach of contract and void contract.[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), Quicken Loans asks the Court to dismiss Mr. Ferguson's claims. For the reasons explained below,

---

[1] This action began in state court. On March 24, 2017, Quicken Loans removed the case to federal court. (Doc. 1). Quicken Loans invokes diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. A federal district court may exercise jurisdiction over state law claims under 28 U.S.C. § 1332 if the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Mr. Ferguson is an Alabama citizen. (Doc. 1, p. 2, ¶ 5). Quicken Loans is a Michigan citizen. (Doc. 1, p. 2, ¶ 6). Therefore, the parties are completely diverse. In his complaint, Mr. Ferguson seeks $100,000 in compensatory damages. (Doc. 1, p. 12, ¶ 13). Therefore, the amount in controversy exceeds $75,000. Accordingly, the Court finds that is has subject matter jurisdiction over this action.

the Court dismisses Mr. Ferguson's claims without prejudice and offers Mr. Ferguson an opportunity to amend his complaint.

## I. STANDARD OF REVIEW

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Generally, to survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'" *Maledy v. City of Enterprise*, 2012 WL 1028176, *1 (M.D. Ala. March 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).

"Thus, the pleading standard set forth in Federal Rule of Civil Procedure 8 evaluates the plausibility of the facts alleged, and the notice stemming from a

complaint's allegations." *Keene v. Prine*, 477 Fed. Appx. 575, 583 (11th Cir. 2012). "Where those two requirements are met . . . the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Id.*

This is particularly true with respect to *pro se* complaints. Courts must liberally construe *pro se* documents. *Erickson*, 551 U.S. at 94. "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Still, the Court may not "serve as *de facto* counsel for a party, or … rewrite an otherwise deficient pleading" to "sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal quotations and citations omitted).

When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015).

## II. FACTUAL ALLEGATIONS

In his complaint, Mr. Ferguson alleges that an employee of defendant Quicken Loans "coerced" him to sign a promissory note "without providing full disclosure." (Doc. 1, p. 8, ¶¶ 1-2). According to Mr. Ferguson, the Quicken Loans employee who "induced" him into the contract "read over the promissory note and its clause stating the [p]romissory note was a negotiable instrument covering the full estimated amount of alleged credit of $162,975.00." (Doc. 1, p. 8, ¶ 2). Mr. Ferguson asserts that he "never saw the alleged amount of the required consideration alleged by whomever is alleging the right to respond on the behalf of the alleged HOLDER of the note." (Doc. 1, p. 8, ¶ 3) (emphasis in complaint). Mr. Ferguson contends that Quicken Loans used deceptive business practices to induce him to promise to repay the promissory note. (Doc. 1, p. 9, ¶ 5). According to Mr. Ferguson, Quicken Loans has tried to enforce the promissory note, but Quicken Loans has not provided evidence that it is the holder of the promissory note. (Doc. 1, p. 9, ¶ 5).

Mr. Ferguson alleges that the promissory note is separated from an accompanying mortgage because Mortgage Electronic System or MERS holds the mortgage or deed. (Doc. 1, p. 9, ¶ 6). Mr. Ferguson contends that separating the promissory note from the mortgage demonstrates Quicken Loans's "lack of good faith in violating the UCC which [Mr. Ferguson] ha[s] followed" to "make [his]

decision in regards to [his] commercial contracting with companies such as Quicken Loans." (Doc. 1, pp. 9-10, ¶ 9).

Mr. Ferguson believed that Quicken Loans would access a strawman account "to access the credit of [Mr. Ferguson's] [s]trawman 'Danny Ferguson.'" (Doc. 1, p. 10, ¶ 8). According to Mr. Ferguson, Quicken Loans acted as a third party lender "only in the sense that Quicken Loans accessed the [strawman] account in order to complete the loan between DANNY FERGUSON and Danny: Of the family name 'Ferguson' (Nul Tiel Corporation)." (Doc. 1, p. 10, ¶ 8).

Based on these facts, Mr. Ferguson asserts state law contract claims against Quicken Loans. (Doc. 1, p. 11-12). Under the heading "breach of contract," Mr. Ferguson states:

> Due to all information listed above [Quicken Loans] is guilty of breach of contract due to failing to provide full disclosure, good faith and fair dealing in regards to the negotiations, contract/Promissory Note possessing legalese not used in initial negotiations as required by law, no evidence of loss, damages, injury, or standing as Quicken Loans or alleged Owner not being present upon entering of any contracts or negotiations between Danny: Of the family name "Ferguson" and those alleging to act on behalf of the alleged company.

(Doc. 1, p. 12, ¶ 11). Under the "void contract" heading, Mr. Ferguson states:

> Due to all information listed above the contract is void due to failing to provide full disclosure, good faith and fair dealing in regards to the negotiations, contract/Promissory Note possessing legalese not used in initial negotiations as required by law, no evidence of loss, damages, injury, or standing as Quicken Loans or alleged Owner not being present upon entering of any contracts or negotiations between

5

>Danny: Of the family name "Ferguson" and those alleging to act on behalf of the alleged company.

(Doc. 1, p. 13, ¶ 12).

Mr. Ferguson seeks "relief of Mortgage termination/void contract, compensatory relief of $100,000.00 for damages as well as any reliefs/remedies seen fit by the court." (Doc. 1, p. 12, ¶ 13). Quicken Loans argues that the Court must dismiss Mr. Ferguson's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the claims fail to state a claim upon which the Court may grant relief.

## III. ANALYSIS

### A. Breach of Contract

To state a claim for breach of contract under Alabama law, a plaintiff must allege: (1) a valid contract binding the parties in the action, (2) performance by the party seeking relief, (3) nonperformance by the breaching party, and (4) damages. *City of Gadsden v. Harbin*, 148 So. 3d 690, 696 (Ala. 2013). Mr. Ferguson's complaint does not state a claim for breach of contract because Mr. Ferguson does not allege that he has performed under the terms of the promissory note. Mr. Ferguson alleges that his conduct has conformed to the UCC (Doc. 1, p. 10, ¶ 9), but Mr. Ferguson's complaint provides no facts concerning his performance with respect to the promissory note.

In addition, Mr. Ferguson does not allege that Quicken Loans has breached the terms of the promissory note. Mr. Ferguson contends that Quicken Loans did not "provid[e] full disclosure," but Mr. Ferguson does not explain how or why Quicken Loans was obligated under the terms of the promissory note to disclose certain information. In a response that he filed in opposition to Quicken Loans's motion to dismiss, Mr. Ferguson states that Quicken Loans violated the "Federal Trade Commission[] Act by fraudulently collecting payments without satisfying the contractual requirements needed to enforce or collect on an alleged obligation." (Doc. 7-1, p. 2). This statement does not help Mr. Ferguson. Assuming that Mr. Ferguson may assert a new cause of action in response to a motion to dismiss, the Federal Trade Commission Act does not create a private of action. *See, e.g., American Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992) ("[T]here is no private right of action" under the Federal Trade Commission Act.); *Sefa v. Kentucky*, 2013 WL 69337, *2 (6th Cir. Jan. 7, 2013) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission.") (citation omitted); *Norris v. Fairbanks Capital Corp.*, 2006 WL 1169849, *1 (5th Cir. May 3, 2006) (plaintiff has "no private right of action under the Federal Trade Commission Act").

Moreover, in his response in opposition to Quicken Loans's motion to dismiss, Mr. Ferguson states that he has "not entered into a contract with the

alleged Defendant sitting across the table from me, no full disclosure, no meeting of the minds." (Doc. 7-1, p. 2).[2]  Mr. Ferguson's assertion that there was "no meeting of the minds" undermines his breach of contract claim because under Alabama law, there is no contract where there is no meeting of the minds.  *Walker v. Walker*, 144 So. 3d 359, 364 (Ala. Civ. App. 2013) ("'The rule is that the minds of the parties must meet as to all essential features of a contract.'") (quoting *Air Conditioning Engineers v. Small*, 65 So. 2d 698, 703 (Ala. 1953)).  Because Mr. Ferguson's complaint does not state a claim for breach of contract under Alabama law, the Court will dismiss Mr. Ferguson's breach of contract claim without prejudice.

Generally speaking, a district court must give a *pro se* plaintiff like Mr. Ferguson an opportunity to amend before dismissing a claim with prejudice.  "It is a well-established rule in the Eleventh Circuit that where a more carefully drafted *pro se* complaint might state a claim the 'plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'"  *Bettencourt v. Owens*, 542 Fed. Appx. 730, 735 (11th Cir. 2013) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).  Accordingly, the Court will give Mr. Ferguson an opportunity to amend his complaint to adequately plead a breach of contract claim.

---

[2] Mr. Ferguson filed his response brief in state court on February 17, 2017.  Quicken Loans attached to its reply brief a copy of Mr. Ferguson's response brief.  (Doc. 7, ¶ 1; Doc. 7-1).

B.  **Void Contract**

Liberally reading the allegations in Mr. Ferguson's complaint, the Court construes Mr. Ferguson's void contract claim as one for fraudulent inducement. "Fraud in the inducement consists of one party's misrepresenting a material fact concerning the subject matter of the underlying transaction and the other party's relying on the misrepresentations to his . . . detriment in executing a document or taking a course of action." *Farmers Ins. Exchange v. Morris*, 228 So. 3d 971, 978 2016) (internal quotation marks and citation omitted). Under Alabama law, the elements of an actionable fraud claim based on misrepresentations are: "1) a duty to speak the truth; 2) a false representation of a material existing fact made intentionally, recklessly, or innocently; 3) action upon the false representation by the plaintiff; and 4) loss, harm, or damage proximately resulting from the false representation." *Farmers Ins. Exchange*, 228 So. 3d at 978.[3]

---

[3] The Court has not located binding authority that enables a plaintiff to state an independent claim for void contract; rather a plaintiff may seek to void a contract as a remedy for another actionable claim. *Farmers Ins. Exchange*, 2016 WL 661671, at *9 ("[W]hen an agreement has been induced by deliberate fraud, the written document reciting that agreement is void."). A viable fraudulent inducement claim may result in a finding that the contract is void, but to the extent that Mr. Ferguson claims that the promissory note is unenforceable or void because the note is separated from the mortage or deed, Alabama law does not support such a claim. *See e.g., Coleman v. BAC Servicing*, 104 So. 3d 195, 205 (Ala. Civ. App. 2012) ("Alabama law specifically contemplates that there can be a separation" of the note and mortgage.); *Nelson v. Federal Nat. Mortg. Ass'n*, 97 So. 3d 770, 775 (Ala. Civ. App. 2012) ("The Nelsons argue that the power-of-sale provision in the mortgage instrument was unenforceable because the note and mortgage had been separated. This court has recently rejected that argument because it does not comport with Alabama law.").

Mr. Ferguson's complaint does not state a claim for fraudulent inducement. Mr. Ferguson states that he "was coerced" into signing the promissory note and that a Quicken Loans employee "induced him into the contract without providing full disclosure" because the employee read over the promissory note and language stating that the promissory note was a negotiable instrument covering $162,975.00 in credit. (Doc. 1, p. 8, ¶¶ 1, 2). Mr. Ferguson states that he "never saw the alleged amount of required consideration." (Doc. 1, p. 8, ¶ 3). These allegations do not plausibly suggest that the Quicken Loans employee made a false misrepresentation of material fact or that Mr. Ferguson relied on that misrepresentation when he entered the contract. Rather, according to Mr. Ferguson's complaint, the Quicken Loans employee understood the terms of the promissory note, but Mr. Ferguson did not. These allegations are not sufficient to state a claim for fraudulent inducement under Alabama law. Therefore, the Court will dismiss this claim without prejudice and give Mr. Ferguson an opportunity to amend. *See Bettencourt*, 542 Fed. Appx. at 735.

If Mr. Ferguson chooses to amend his fraudulent inducement claim, Mr. Ferguson must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994) ("The plaintiff's complaint must allege the details of the

defendant[']s allegedly fraudulent acts, when they occurred, and who engaged in them.").

If the Court has misconstrued the basis of the relief that Mr. Ferguson seeks in Count II of his complaint, and if Mr. Ferguson decides to amend his complaint, then Mr. Ferguson shall clearly identify the nature of the claim that he asserts in Count II.

**IV.　CONCLUSION**

For the reasons discussed above, the Court **DISMISSES** Mr. Ferguson's complaint without prejudice. If Mr. Ferguson wishes to file an amended complaint, then Mr. Ferguson shall please file the amended complaint **on or before February 9, 2018**.

If Mr. Ferguson files an amended complaint, the amended complaint should comply with Federal Rules of Civil Procedure 8(a),[1] 8(d),[2] 10(b),[3] and 11(b).[4] The

---

[1] **Claim for Relief.** A pleading that states a claim for relief must contain:

  **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

  **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

  **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

[2] **Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**

  **(1)** *In General.* Each allegation must be simple, concise, and direct. No technical form is required.

amended complaint should contain a separate count for each claim and a factual basis for that claim only. The amended complaint should include all of Mr. Ferguson's claims in this action.

---

> (**2**) *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> (**3**) *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(d).

[3] **Paragraphs; Separate Statements**. A party must state its claims and defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

[4] **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (**1**) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (**2**) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (**3**) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (**4**) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

If Mr. Ferguson does not file an amended complaint on or before February 9, 2018 consistent with this order, then pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss this action for failure to prosecute.

**DONE** and **ORDERED** this January 26, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE